# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY DELGADO RODRIGUEZ, | Case No. 1:13-cv-1513-AWI-SAB-HC |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| KATHY MENDOZA-POWERS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 13, 2014, the petition was dismissed as successive.[1] (ECF No. 12). Petitioner appealed to the Ninth Circuit Court of Appeals, and on April 4, 2014, the appeal was denied. (ECF Nos. 14 & 17). On May 23, 2014, Petitioner filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure § 60(b). (ECF No. 18). On October 29, 2014, the Court denied Petitioner's motion for relief from judgment. (ECF No. 19). Petitioner filed a notice of appeal of the motion and the appeal was processed to the Ninth Circuit Court of Appeals. (ECF Nos. 20 & 21). On January 5, 2015, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability for the denial of Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

---

[1] A certificate of appealability was denied as to the order dismissing the petition.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

Petitioner sought relief from the judgment because of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(1), (6). Petitioner argued in his motion for relief that the Court did not consider and overlooked his assertions of cause and prejudice to excuse his procedural default when it dismissed his petition. Although Petitioner argues that it was error for the Court to not specifically reference his

1  assertions of cause and prejudice to excuse his procedural default in the Findings and
2  Recommendation or the Order Adopting the Findings and Recommendation, Petitioner's petition
3  was not dismissed because of procedural default.  Petitioner's habeas petition was dismissed
4  because it was a successive petition.

5       The Court notes that Petitioner's motion regarding cause and prejudice was dismissed by
6  the Court on October 30, 2013.  (ECF No. 6).  The motion was dismissed because the Court
7  found that it was premature for the Court to consider Petitioner's claims regarding any cause and
8  prejudice for any potential procedural default.  Id.  The Court advised Petitioner "that in the
9  event procedural default bec[ame] an issue, he, as well as Respondent, [would] have a full
10 opportunity for briefing." Id.

11      As discussed in the Findings and Recommendation that was adopted by this Court,
12 Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
13 section is filed in the district court, the applicant shall move in the appropriate court of appeals
14 for an order authorizing the district court to consider the application."  In other words, Petitioner
15 must obtain leave from the Ninth Circuit before he can file a second or successive petition in
16 district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any
17 second or successive petition unless the Court of Appeals has given Petitioner leave to file the
18 petition because a district court lacks subject-matter jurisdiction over a second or successive
19 petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d
20 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d
21 990, 991 (7th Cir. 1996).

22      A second or successive petition for habeas corpus is not considered "successive" if the
23 initial habeas petition was dismissed for a technical or procedural reason versus on the merits.
24 See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is
25 not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.
26 Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if
27 the claim raised in the first petition was dismissed by the district court as premature).

28      The prior petition was dismissed as untimely and judgment was entered.  A petition that

is dismissed as time-barred constitutes an adjudication on the merits for successive purposes. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); see also Quezada v. Smith, 624 F.3d 514, 518 (2d Cir. 2010); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

Petitioner previously sought habeas relief with respect to his conviction in Rodriguez v. Yates, Case No. 1:09-CV-00119-AWI-SMS-HC. That petition was dismissed with prejudice as time-barred. Petitioner appealed the dismissal to the Ninth Circuit, and the appeal was denied on June 16, 2011. Petitioner did not show that he had obtained authorization from the Ninth Circuit to file the instant petition. Because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b) that had to be dismissed to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

In the present case, the Court finds that reasonable jurists would not find the Court's denial of Petitioner's motion for relief from judgment debatable, wrong, or deserving of encouragement to proceed further.

Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   March 11, 2015

_____
SENIOR DISTRICT JUDGE